McALPIN, ordinary, *et al. v.* DAVANT *et al.*, executors; *et vice versa.*

ATKINSON, J. The act of 1913 (Acts 1913, p. 91) as amended by the act of 1919 (Acts 1919, p. 58), known as the inheritance tax law of this State, imposed a tax on the transmission of property by inheritance, will, or deed intended to take effect after death, and provided that the tax "shall be and remain a lien upon the property . . from the death of the decedent, and . . unless otherwise herein provided" said tax "shall be due and payable at the death of the decedent," and "shall bear interest from such death until paid, unless payment shall be made within twelve months after such death, in which case no interest shall be charged." Another inheritance tax act was approved August 27, 1925 (Acts 1925, p. 63). That act requires inheritance taxes from estates in Georgia that are subject to Federal estate taxes, the amount of the State tax imposed being 25 per cent. of the Federal estate tax; and makes provision for the assessment and collection thereof without resort to the enforcement provisions of the act of 1913 as amended, supra. The tax imposed by section 1 of the act of 1925 has reference to estates of persons only who "from and after passage" of the act "may die" resident of this State. Sections 2, 3, and 4 contain provisions for assessment and collection of the tax. Section 5 provides: "Be it further enacted, that there shall be no other inheritance tax assessed or collected out of estates, under the laws of this State." Section 6 provides: "All laws and parts of laws in conflict with this act be and the same are hereby repealed." *Held:*

---

Taxation, 37 Cyc. p. 1557, n. 81; p. 1558, n. 88.

1. The act of 1925 does not specifically mention the act of 1913 as amended, and does not expressly repeal that law.
2. In section 1 of the act of 1925 an inheritance tax is imposed on estates of persons who "may die" "from and after passage" of that law. This act operates only in the future, and does not conflict with the pre-existing act of 1913 as amended, in so far as that law imposed an inheritance tax upon estates left by decedents who died prior to passage of the act.
3. The language "there shall be no other inheritance tax assessed or collected out of estates, under the laws of this State," in section 5 of the act of 1925, should be construed in connection with the above-mentioned provision of section 1; and when so construed, it inhibits the assessment or collection of any inheritance tax other than that provided for in section 1 of said act, from estates left by decedents only who "may die" after passage of that law. So the provisions of section 5 of said act do not conflict with nor repeal the act of 1913 as amended, in so far as that law imposed an inheritance tax upon estates of decedents who died prior to the act of 1925.
4. There being no conflict, to the extent above pointed out, between the above-mentioned statutes, the repealing clause in section 6 of the act of 1925, "all laws and parts of laws in conflict with this act be and the same are hereby repealed," does not impliedly repeal the said former law in so far as it authorized assessment or collection of an inheritance tax upon estates of decedents who died prior to passage of the act of 1925.
5. The act of 1925 does not purport to levy an inheritance tax upon estates left by decedents who died prior to the passage of that act. The act expressly declares, in section 1, that it is operative "from and after the passage of this act," and imposes a tax upon estates of persons "who may die," thus manifesting the legislative intent that the law should be operative only in the future. Consequently that law did not authorize the assessment and collection of the inheritance tax therein provided for from estates that had been left by decedents who died prior to the passage of the act.
6. Where a resident of this State died in October, 1924, leaving a will which was probated in solemn form during the next succeeding month, bequeathing to the daughter of the testator an estate valued at several hundred thousand dollars, and there was no assessment or collection of any inheritance tax upon such estate prior to the passage of the act of 1925, the estate was subject to have an inheritance tax assessed and collected therefrom under the act of 1913 as amended, unaffected by the passage of the act of 1925, and was not subject to have assessed and collected therefrom an inheritance tax under the act of 1925. Accordingly the trial judge erred in enjoining the assessment and collection of the tax under the act of 1913 as amended, and in authorizing the assessment and collection of a tax under the act of 1925.

*Judgment reversed on each bill of exceptions. All the Justices concur.*

Nos. 5447, 5448. NOVEMBER 25, 1926. REHEARING DENIED DECEMBER 20, 1926.

Injunction.   Before Judge Meldrim.   Chatham superior court. May 5, 1926.

*David C. Barrow, Hitch, Denmark & Lovett, Wright & Jackson,* and *George M. Napier, attorney-general,* for plaintiffs in error in main bill of exceptions.

*Adams & Adams* and *Cohen & Gray,* contra.