LOCKHART, executor, *et al. v.* STATE OF GEORGIA *et al.*

HINES, J. This case is controlled by the decision of this court in the case of *Davant* v. *McAlpin,* 163 *Ga.* 309 (136 S. E. 83). The first question propounded by the Court of Appeals should be answered in the affirmative; and the answer to the second question is, that the State inheritance tax upon the estate in question should be levied and collected under the act of 1913, as amended by the act of 1919. Park's Code Supp. 1922, §§ 1041(a) et seq.        *All the Justices concur.*

No. 5547. MARCH 17, 1927.

The Court of Appeals (in Case No. 17355) requested instructions from the Supreme Court upon the following questions: Cornelius V. McAuliffe died on September 21, 1924, leaving a will which was duly probated in the office of the court of ordinary of Richmond County, Georgia, and Milledge Lockhart, the nominated executor thereunder, duly qualified as executor of said estate on September 27, 1924. Said estate has not yet been closed, nor has the executor been discharged, nor has a final accounting been made by the executor. The net estate, after paying

---

Taxation, 37 Cyc. p. 1569, n. 75.

the debts and costs of administration, amounts to $15,770.60. On July 3, 1925, the executor filed in the office of the court of ordinary of Richmond County, Georgia; his application to have the ordinary act as sole appraiser to make the appraisement of the property of said estate and determine and assess the amount of inheritance tax due thereon, which application was joined in by the distributees of said estate, the tax-commissioner of said county, and the State tax-commissioner, being all of the persons interested in the amount of inheritance tax to be paid by said estate, who duly waived the appointment of appraisers. Thereafter, and before the estate had been appraised or any distribution made thereof, the act of the General Assembly of Georgia of 1925, known as the inheritance-tax act, was approved by the Governor and became a law on August 27, 1925. On September 1, 1925, and prior to any assessment by the ordinary of the amount of inheritance tax due by the legatees under said will (such assessment having been made on September 16, 1925), the executor and the legatees under said will filed with the tax-commissioner of Georgia a petition praying that the commissioner pass an order declaring no tax due by the legatees under said will, and protesting against the assessment of any such inheritance tax, on the ground that the act approved August 27, 1925, exempted all estates from any inheritance tax except those estates where the net total aggregates such an amount as would make them due Federal estate taxes; and alleging that said 1925 act provides that no other inheritance tax shall be levied or collected; and that the estate of Cornelius V. McAuliffe shows the net amount to be less than such an amount as would subject the estate to the payment of Federal estate taxes, and therefore no inheritance tax would be due the State of Georgia by the legatees under said will. Under the foregoing state of facts: (1) Is the estate of Cornelius V. McAuliffe, or the distributive shares thereof under his will, subject to any State inheritance tax? (2) Does the State inheritance-tax law passed in 1913 and amended in 1919, which was in force at the time of the death of the testate, apply to said estate (see Park's Code Supp. 1922, §§ 1041 (a) et seq.); or does the State inheritance-tax law which was approved by the Governor and made a law on August 27, 1925, after the death of the testate but before the estate had been ap-

praised for inheritance tax purposes and before a final accounting was made, apply to said estate? (See Ga. L. 1925, pp. 63, 64.)

*Cohen & Gray,* for plaintiffs in error.

*Wright & Jackson,* contra.