17355.    LOCKHART, executor, *et al. v.* STATE OF GEORGIA *et al.*

LUKE, J. Under the decision of the Supreme Court in this case, in answer to questions certified by this court (164 *Ga.* 15, 137 S. E. 549), and the agreed statement of facts filed in the trial court, the judgment excepted to was not error for any reason assigned.

   *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 12, 1927.

Appeal; from Richmond superior court—Judge A. L. Franklin. March 9, 1926.

After setting out the facts stated below, the Court of Appeals propounded to the Supreme Court the following questions: "(1) Is the estate of Cornelius V. McAuliffe, or the distributive shares thereof under his will, subject to any State inheritance tax? (2) Does the State inheritance-tax law passed in 1913 and amended in 1919, which was in force at the time of the death of the testator, apply to said estate (see Park's Code Supp. 1922, §§ 1041 et seq.); or does the State inheritance-tax law which was approved by the Governor and made a law on August 27, 1925, after the death of the testator but before the estate had been appraised for inheritance-tax purposes and before a final accounting was made, apply to said estate? (See Ga. L. 1925, pp. 63, 64.)" An affirmative answer to the first question was given by the Supreme Court; the answer to the second question was that the tax should be levied and collected under the act of 1913, as amended by the act of 1919. It was held that the case was controlled by the decision in *Davant* v. *McAlpin,* 163 *Ga.* 309.

The following facts were stated in the certified question: Cornelius V. McAuliffe died September 21, 1924, leaving a will which was probated in the office of the court of ordinary of Richmond county, Georgia, and Milledge Lockhart qualified as executor thereunder September 27, 1924. The estate has not been closed, nor the executor discharged, nor has a final accounting been made by him. The net estate, after paying the debts and costs of administration, amounts to $15,770.60. On July 3, 1925, the executor

---

Taxation, 37 Cyc. p. 1557, n. 81; p. 1569, n. 75.

filed his application to have the ordinary act as sole appraiser to make the appraisement of the property of the estate and determine and assess the amount of inheritance tax due thereon, which application was joined in by the distributees of the estate, the tax-commissioner of the county, and the State tax-commissioner (being all of the persons interested in the amount of inheritance tax), who duly waived the appointment of appraisers. Before appraisement or distribution of the estate the inheritance-tax act of 1925 became a law, August 27, 1925. On September 1, 1925, before assessment by the ordinary of the amount of inheritance tax due (the assessment being made September 16, 1925), the executor and the legatees filed with the tax-commissioner of Georgia a petition that he pass an order declaring no tax due by the legatees, on the ground that the act approved August 27, 1925, exempted all estates from any inheritance tax except where the net total aggregates such an amount as would make them due Federal estate taxes; and alleging that the said act provides.that no other inheritance tax shall be levied or collected; and that "the estate of Cornelius V. McAuliffe shows the net amount to be less than such an amount as would subject the estate to the payment of Federal estate taxes, and therefore no inheritance tax would be due the State of Georgia by the legislature under said will."

The judge of the superior court, on appeal from the court of ordinary, held that the act of 1918, and not the act of 1925, applied to the estate, and ordered that the inheritance tax be paid accordingly, as assessed by the court of ordinary.

*Cohen & Gray, Adams & Adams,* for plaintiffs in error.

*Wright & Jackson, George M. Napier, attorney-general, David C. Barrow, Hitch, Denmark & Lovett,* contra.